UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | REPORT AND RECOMMENDATION |
| V. | ) | |
| | ) | CASE NO. 2:04-CR-143 |
| RAYMOND LAWRENCE PELTIER, SR. | ) | |

A petition filed September 21, 2010 alleges that Raymond Lawrence Peltier, Sr., violated conditions of supervised release. That petition was referred to this Court (Doc. 69) for hearing, and for preparation of this Report and Recommendation. This Court conducted a hearing on October 14, 2010, at which time Peltier admitted to the allegations of the petition, and the parties agreed on a recommended disposition.

**FACTS**

District Judge Rodney S. Webb sentenced Peltier on January 25, 2005, for the crime of sexual abuse of a minor. The sentence included 46 months imprisonment and three years supervised release. Peltier's supervised release term began January 24, 2008.

The petition alleges that Peltier violated tribal law, including convictions for driving without a license, driving while intoxicated, and reckless endangerment (relating to children being with him in the vehicle at the time of the other offenses). Peltier pled guilty to those tribal offenses on September 15, 2010. The petition also alleges failure to advise the supervising

1

probation officer of his arrest on the tribal charges. The petition charges failure to participate in a weekly cognitive restructuring group; that charge is also related to the tribal charges, because the group sessions at issue occurred while Peltier was in tribal custody, and so was not able to attend the sessions.

Peltier was also charged in tribal court with assault with intent to commit rape, and that charge was initially included in the petition. A trial on that charge is scheduled for early November 2010. The government dismissed that part of the petition which relates to the assault charge at the hearing, leaving open the possibility of a later petition in the event Peltier is convicted of assault in tribal court.

Alcohol use earlier in Peltier's supervised release term had been addressed through a stipulated placement, of up to six months, at Lake Region Residential Reentry Center. Peltier resided at the RRC from May 7 through August 24, 2010. While at the RRC, Peltier participated in the cognitive restructuring program and in a sex offender treatment program. He also attended AA meetings.

Since Fall 2008, Peltier has attended an automotive technology program at Lake Region State College. He has done very well in that program. Letters from an instructor and advisor describe him as intelligent, hard-working, willing to change, courteous, and brutally honest about his past mistakes. (See letters attached to Doc. 68). Peltier is scheduled to complete both an AAS degree and

an AA degree in liberal arts in Spring 2011. Peltier attended college while at the RRC, and was released to the RRC pending a decision on the petition, in order that he might continue to attend college (Doc. 64).

At the hearing on the petition, Peltier admitted to the tribal convictions, the failure to notify the supervising officer of his arrest, and that he had missed a cognitive restructuring session because of his tribal incarceration.

## **PARTIES' POSITIONS ON DISPOSITION**

Peltier and the United States agree that he should be on supervised release through June 1, 2011, and that he should reside at LRRRC through that date, with release for school, group sessions, and AA meetings. That would allow Peltier to remain at the RRC until his school work is completed. Because, however, the current supervised release term is scheduled to end in January 2011, it is the government's position that Peltier's supervised release must be revoked, and a new term of supervised release ordered, in order to accomplish the desired LRRRC placement through June 1, 2011.

## **GUIDELINES POLICY STATEMENTS**

Peltier was in Criminal History Category VI at the time of sentencing. The violations to which he has admitted are of Grade C. Under those circumstances, the guidelines policy statements suggest imprisonment for eight to fourteen months, if release is

3

revoked.

## **DISCUSSION**

At the hearing, Peltier addressed the Court personally. He accepted responsibility for his conduct and apologized for it. He said that he understands now that he can never drink again, and that he needs to regularly attend AA in order to maintain sobriety. He appears determined to complete his college program, and has a cumulative B+ average in his classes. He has worked to make up the time he missed from classes while he was in custody. His determination has impressed LRSC staff who have worked with him over the past two years. The plan the parties support would assist Peltier in reaching his goal of successfully completing his college degrees. It is a good plan.

Because Peltier was originally sentenced to the maximum supervised release term allowed under the statute of conviction, three years, simply extending the term is not an available option. 18 U.S.C. § 3583 (e)(2) ("The Court may . . . extend a term of supervised release <u>if less than the maximum authorized term</u> was previously imposed . . . .) Section 3583(h), however, allows imposition of another term of supervised release after revocation:

> When a term of supervised released is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon

4

revocation of supervised release.

See United States v. Lewis, 504 F.Supp. 2d 708, 712 (W.D. Mo. 1007). To provide that Peltier be on supervised release through June 1, 2011, it appears necessary to revoke the current term of supervised release, order a term of imprisonment, and impose a new term of supervised release. This Court recommends that that be done.

## RECOMMENDATION

This Court recommends that the Chief District Judge find that Peltier violated conditions of supervised release, to the extent of the admissions he has made, and that that portion of the petition relating to an assault charge be dismissed. This Court further recommends that Peltier's supervised release be revoked, that he be ordered to serve a term of imprisonment equal to the time served to date (time between arrest on petition and release pursuant to the October 5, 2010 Order), and that he be ordered to serve a new term of supervised release through June 1, 2011.

## OPPORTUNITY FOR OBJECTIONS

At the hearing, both parties waived their right to object, if the recommendation was as described herein, so an order can be issued immediately.

Dated this 19th day of October, 2010.

/s/ Alice R. Senechal
Alice R. Senechal
U.S. Magistrate Judge